SILVIA WILSON, )
)
Plaintiff, )
)
v. )     No. 3:24-CV-403-DCP
)
WAYNE B. SHUMAKER, and )
TENNESSEE FARMERS MUTUAL )
INSURANCE CO., )
)
Defendant. )

## MEMORANDUM & ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 25].

Now before the Court is Plaintiff's Motion and Incorporated Memorandum to Exclude Defendant's Undisclosed Rebuttal Witness and to Strike "Notice of Intent to Rebut Plaintiff's Medical Expenses" Under Rule 26 and 37; Alternatively, Daubert/Rule 702 Motion to Preclude Any Undisclosed Rebuttal Opinions ("Motion to Strike") [Doc. 39]. Defendant has responded in opposition [Doc. 40] and Plaintiff has replied [Doc. 44]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Strike [**Doc. 39**].

## I.    BACKGROUND

On October 7, 2024, Plaintiff filed her Complaint [Doc. 1]. Plaintiff avers that on October 10, 2023, "[she] was driving her motor vehicle southbound on U.S. Highway 321" [*Id.* ¶¶ 7, 10]. Plaintiff alleges that "[a]s [she] was traveling southbound, Defendant attempted to cross from Legion Bridge to Banner Road, negligently failing to yield to oncoming traffic, and instead, driving

directly into Plaintiff's lane of travel" and that "[she] was unable to avoid Defendant's vehicle" [*Id.* ¶¶ 13–14]. Plaintiff submits that "[u]pon information and belief, Defendant admitted to consuming alcohol prior to the collision" and that "[a]s a result of the collision described above, [she] sustained and continue to suffer from severe bodily injuries" [*Id.* ¶¶ 16, 20].

On April 18, 2025, the Court entered the Amended Scheduling Order, which provides that "Defendant shall disclose any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) on or before January 6, 2026. The parties shall disclose rebuttal expert testimony no later than January 27, 2026" [Doc. 28 pp. 2–3]. The Court later continued Defendant's expert disclosure deadline to February 2, 2026, for good cause shown and in light of no opposition shown [Doc. 30 p. 1].

On February 13, 2026, Defendant filed a Notice of Intent to Rebut Plaintiff Silvia Wilson's Medical Expenses ("Notice") [Doc. 32]. Defendant gave "notice pursuant to Tenn. Code Ann. § 24-5-113(b) of his intent to rebut the reasonableness and necessity of the medical bills submitted by the Plaintiff, Silvia Wilson in this matter, as the bills require expert proof to substantiate the reasonableness, necessity, and causal relationship to the alleged incident" [*Id.* at 1].

Plaintiff now argues that Defendant's Notice "is not a Rule 26 disclosure" and "no rebuttal witness or opinions were disclosed by the deadline set in Doc. 28" [Doc. 39 p. 4]. Plaintiff notes that the Notice "cites Tenn. Code Ann. § 24-5-113 but identifies no witness and provides no expert report or summary of opinions as Rule 26(a)(2) requires" [*Id.*]. Plaintiff argues that "a unilateral 'intent to rebut' filing is not a disclosure" [*Id.*]. Accordingly, Plaintiff maintains that "[b]ecause Defendant failed to disclose any rebuttal expert or opinions by the Court's deadline, Rule 37(c)(1) bars Defendant from using such testimony at trial absent a showing of substantial justification or harmlessness" [*Id.*].

2

Plaintiff further contends that "Tenn. Code Ann. § 24-5-113 provides an evidentiary mechanism for medical bills/records and contemplates rebuttal, but it does not replace or relax expert disclosure requirements" [*Id.*]. Plaintiff asks the Court to "[e]xclude any rebuttal witness or expert Defendant seeks to offer regarding the necessity, reasonableness, or causation of Plaintiff's medical expenses; and [s]trike Defendant's 'Notice of Intent to Rebut Plaintiff's Medical Expenses' insofar as it is proffered as a substitute for Rule 26(a)(2) disclosures; and [a]ward Plaintiff her reasonable fees and expenses incurred in bringing this motion under Rule 37(c)(1)" [*Id.* at 5].

Defendant replies and argues that "Plaintiff's motion should be denied as meritless and unnecessary" [Doc. 40 p. 1]. Defendant explains that he "has not disclosed any expert and does not intend to present a retained testifying expert to offer affirmative opinions about Plaintiff's medical care" [*Id.*]. Defendant represents that "[r]ather, Defendant filed the statutory notice to preserve the right to rebut Plaintiff's proof regarding the reasonableness and necessity of claimed medical expenses with competent evidence at trial (including by cross-examination of Plaintiff's witnesses and by evidence admissible under the Federal Rules of Evidence)" [*Id.* at 1–2]. Defendant contends that "[u]nder Tennessee law . . . defendants are permitted to rebut a plaintiff's medical-bill proof by presenting any competent evidence that does not run afoul of the collateral source rule" and that "[t]he document Plaintiff challenges is a statutory notice under Tenn. Code Ann. § 24-5-113 giving notice of Defendant's intent to rebut the reasonableness and necessity of Plaintiff's medical bills" [*Id.* at 2]. Defendant maintains that he "does not intend to present a retained/expert witness offering opinion testimony whose report would be required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure" [*Id.* (italicization omitted)]. Accordingly, Defendant maintains "[b]ecause no expert is being offered, there was no omission of a Rule 26(a)(2)(B) report to cure" [*Id.*].

3

Defendant cites to *Dedmon v. Steelman*, 535 S.W.3d 431 (Tenn. 2017) and argues that "[t]he holding in *Dedmon* contemplates presentation of rebuttal through ordinary evidentiary means (e.g., cross-examination of the plaintiff's witnesses, records custodian testimony, other fact witness testimony, documentary proof, and expert testimony if properly disclosed" [*Id.* at 3]. Defendant advances that "[t]he statutory notice was filed to preserve Defendant's right to present such rebuttal evidence" and that "Defendant may challenge the reasonableness/necessity of claimed charges through cross-examination of Plaintiff's witnesses and other competent evidence at trial" [*Id.*]. Defendant maintains that "[w]here rebuttal is based on cross-examination of the plaintiff's own experts or records and documentary evidence, no separate rebuttal expert disclosure may be necessary" [*Id.* at 3–4].

Plaintiff replies and reiterates that "Rule 37(c)(1) . . . bars the use of any undisclosed rebuttal witness or opinions" [Doc. 44 p. 1]. Plaintiff concedes that "Defendant may test Plaintiff's disclosed opinions through cross-examination and may rely on admissible records properly in evidence," but asserts that "Defendant cannot introduce undisclosed opinion testimony on reasonableness, necessity, or causation through lay or non-retained witnesses who were never summarized under Rule 26(a)(2)(C), nor through documents lacking an expert foundation" [*Id.* at 3].

## II.    ANALYSIS

Plaintiff seeks to strike Defendant's Notice on the grounds that it does not conform with the requirements of Rule 26. Rule 26 requires a party to disclose the identity of any expert witness it may use at trial to present evidence under Rules 702, 703, or 705, *i.e.* testimony based on scientific, specialized, or technical knowledge. Rule 26(a)(2)(B) requires that the disclosure of experts who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" be accompanied

4

with a written report detailing, *inter alia*, specific information regarding the expert witness's qualifications and a complete statement of the opinions they will offer. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Here, Defendant has clearly stated that he "has not disclosed any expert and does not intend to present a retained testifying expert to offer affirmative opinions about Plaintiff's medical care" [Doc. 40 p. 1]. Rather, Defendant represents that the Notice was meant to show that he "intends to rely, in part, on cross-examination of Plaintiff's medical witness and records custodians to challenge the reasonableness, necessity, and causal relationship of the billed medical services" as well as rebuttal evidence consistent with *Dedmon* [*Id.* at 3]. These types of witnesses do not fall under the requirements of Rule 26(a)(2)(B).

The Court finds Plaintiff's request to bar expert testimony from Defendant to be unnecessary, as "Defendant does not intend to offer an undisclosed retained expert" [Doc. 44 p. 4] and accordingly denies Plaintiff's request for reasonable fees and expenses incurred in bringing this motion under Rule 37(c)(1).

## III.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Strike [**Doc. 39**] **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

5