UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SILVIA WILSON,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE B. SHUMAKER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-CV-403-DCP |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 25].

Now before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Excluding Evidence of Defendant's Alcohol Consumption, Incorporated Memorandum of Law, and Offer of Proof ("Motion to Reconsider") [Doc. 81]. Defendant responded in opposition to the motion [Doc. 89]. For the reasons explained below, the Court **DENIES** the motion [**Doc. 81**] to the extent it seeks reconsideration.

## I. BACKGROUND

On July 9, 2026, the Court adjudicated the parties' motions in limine. Relevant here, the parties both raised Defendant's alcohol consumption as an issue: Plaintiff asked that she be allowed to present evidence about it, and Defendant asked that such evidence be excluded. On July 9, 2026, the Court found:

> To be admissible, evidence must be relevant, that is, have any tendency to make a fact of consequence mor or less probable. Fed. R. Evid. 401, 402. Even relevant evidence may be excluded when its probative value is substantially outweighed by a danger of unfair

> prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Here, the Court finds that the evidence related to Defendant's alleged "impairment" is not only irrelevant, but prejudicial. Defendant has conceded fault and the only issue remaining for the jury is compensable damages. While Plaintiff argues that evidence of Defendant's impairment goes to Plaintiff's mental anguish and provides context for the collision, the Court is not persuaded. Whether Defendant consumed alcohol before the accident does not make any fact concerning the existence or extent of Plaintiff's damages more or less probable. Further, the Court finds that any probative value is substantially outweighed by the danger of unfair prejudice, as evidence suggesting Defendant was impaired carries a significant risk of inflaming the jury. *See* Fed. R. Evid. 403.

("July 9 Order") [Doc. 67 p. 6].

Approximately three months later,[1] Plaintiff filed the Motion to Reconsider [Doc. 81]. She states there are two grounds requiring reconsideration [*Id.* at 4]. "First," she contends, "the Order resolved the motions on relevance and Rule 403 but did not reach several grounds that compel admission or, at the least, a narrowing of its categorical bar: the independent admissibility of the investigating officer's public-record finding under Rule 803(8) [of the Federal Rules of Evidence], Plaintiff's right to prove the allegations of her own [C]omplaint, and the use of Defendant's drinking to impeach him should he testify" [*Id.*]. "Second," Plaintiff asserts, "the Order's relevance ruling rests on a clear legal error" [*Id.*]. Plaintiff also seeks to submit an offer of proof under Rule 103 [*Id.* at 9–10].

Defendant maintains that the Court's relevancy ruling was correct [Doc. 89 pp. 3–4]. According to Defendant, Plaintiff's reliance on Rule 803(8) does not establish that a statement is relevant [*Id.* at 4]. Defendant asserts, "Rule 403 independently supports exclusion" [*Id.* at 6].

---

[1] On July 17, 2026, the Court rescheduled the July 21 trial date to October 27, 2026 due to reasons beyond the control of the parties.

## II. ANALYSIS

Plaintiff relies on Rule 54(b) of the Federal Rules of Civil Procedure and the Court's inherent authority [Doc. 81 p. 1]. Courts generally will reconsider previous orders if "(1) [there is] an intervening change of controlling law; (2) new evidence [is] available; or (3) a need to correct a clear error or prevent manifest injustice." *Austin v. State Farm Fire & Cas. Co.*, 795 F. Supp. 3d 977, 980 (W.D. Ky. 2025) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)), *appeal dismissed*, No. 25-5812, 2025 WL 4643325 (6th Cir. Dec. 17, 2025). A motion to reconsider, "however, is not 'a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought.'" *Id.* (brackets in original) (quoting *Austin*, 795 F. Supp. 3d at 980). "[T]he moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Id.* (quoting *Reed v. Gulf Coast Enters.*, No. 3:15-CV-00295, 2016 WL 3963187, at *2 (W.D. Ky. July 21, 2016)).

There is no dispute that Defendant drank alcohol on the day of the accident [*See* Doc. 81 p. 3 (citing Doc. 81-3 p. 2)]. Noah Brintton ("Officer Brintton"), the responding officer, stated in his report, "[Defendant] admitted to consuming alcohol, but did not show enough evidence of impairment of arrest. However, I feel his consumption of alcohol contributed to the crash" [Doc. 81-2 p. 3].

Plaintiff argues that the Court should reconsider its July 9 Order because it did not address "the independent admissibility of the investigating officer's public-record finding under Rule 803(8)" [Doc. 81 p. 4]. She states, "That is a proper basis for reconsideration, because the officer's finding is admissible on a ground the Court did not consider. Officer Brintton's report is a public

record setting out factual findings from a legally authorized investigation, and factually based conclusions within such reports are admissible in a civil case and presumptively trustworthy absent a showing to the contrary" [*Id.* at 5 (citation omitted)]. But this argument is misplaced because it only addresses whether an officer's report may be admissible under the hearsay rules.[2] The Rule does not render the report relevant.

Plaintiff claims that her "operative [C]omplaint affirmatively pleads the alcohol facts" [Doc. 81 p. 5]. Specifically, she alleges, "Defendant admitted to consuming alcohol prior to the collision" [Doc. 60 ¶ 16]; "responding officers administered a breathalyzer test to Defendant" [*id.* ¶ 17]; "Defendant's blood alcohol level was within the legal limit; however, officers still believed Defendant's alcohol consumption contributed to the collision" [*id.* ¶ 18]; and "Defendant was issued a citation by the responding officers for reckless driving" [*Id.* ¶ 19]. But as Defendant notes, "[Plaintiff's argument] conflates pleading standards with evidentiary standards" [Doc. 89 p. 5]. Indeed, "a mere allegation in a complaint does not 'automatically render[] the allegation admissible at trial." *In re Simone*, No. 18-21993, 2019 WL 2488121, at *2 (Bankr. D. Conn. June 12, 2019) (brackets in original) (quoting *Blevins v. Piatt*, No. 15-1551, 2015 WL 7878504, at *6 (D. Md. Dec. 4, 2015)); *see also Josephson v. Higdon*, No. 3:23-CV-130, 2023 WL 12225254, at *2 (E.D. Tenn. June 8, 2023) ("[T]he rules applicable to pleadings, discovery, and evidence admissible at trial differ." (citations omitted)).

Plaintiff states, "Should Defendant testify[,] . . . his consumption of alcohol before the crash bears on his capacity to perceive and recall the event and on the weight the jury gives his

[2] Plaintiff cites *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) in support of her argument [Doc. 81 p. 5]. In *Beech Aircraft Corp.*, the Supreme Court held, "[T]hat portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion." *Beech Aircraft Corp.*, 488 U.S. at 170. This case does not support admitting the evidence here.

account, and is a proper subject of cross examination" [Doc. 81 p. 6]. According to Plaintiff, a party's capacity "is a permissible basis to attack credibility" [*Id.* (citing Fed. R. Evid. 607)]. Plaintiff claims, "Tennessee evidence law, which supplies the substantive framework for this diversity action, is squarely to the same effect: Tennessee Rule of Evidence 617 expressly permits a party to prove that a witness 'suffered from impaired capacity at the time of an occurrence or testimony,' and Tennessee Rule of Evidence 607 allows a party to attack a witness's credibility" [*Id.* (quoting Tenn. R. Evid. 617)].

As an initial matter, even in a diversity case, "the Federal Rules of Evidence govern the admission of evidence, while state law governs the substantive issues." *State Farm Mut. Auto. Ins. Co. v. Accident Victims Home Health Care Servs., Inc.*, 467 F. App'x 368, 371 (6th Cir. 2012) (citations omitted). Moreover, Defendant has admitted fault [Doc. 64 p. 2 ("Defendant Wayne B. Shumaker concedes fault for the collision."). And while Plaintiff states Defendant's impaired capacity is sufficient for impeachment purposes, as Defendant points out, Officer Britton stated that there was not enough evidence of impairment to arrest him and his BAC was within the legal limit [Doc. 89 p. 6]. Instead, Officer Brintton only stated, "I feel his consumption of alcohol contributed to the crash" [Doc. 81-2 p. 3]. The Court finds Plaintiff's argument not well taken.[3]

Next, Plaintiff contends that the Court committed "a clear legal error about how non-economic damages are proved" [Doc. 81 p. 7]. She submits that she "has squarely placed it in issue through her fear of driving and the emotional trauma of the collision" [*Id.* (citing Doc. 60 ¶ 28)]. Plaintiff claims Officer Brintton's conclusion that Defendant's drinking "'contributed to the crash'[] is probative of the fright, vulnerability, and lasting anxiety Plaintiff continues to

[3] Plaintiff relies on several Tennessee criminal cases [*See* Doc. 81 p. 7]. But the issues in those cases are different than the instant matter.

experience" [*Id.*]. Plaintiff is free to put on proof of her damages, but as the Court has already explained [*see* Doc. 67 p. 6], submitting evidence about Defendant's alcohol consumption, when he was not legally impaired and has admitted fault, is unduly prejudicial. Plaintiff argues, "Tennessee and Sixth Circuit authority confirm that an admission of fault does not sweep the circumstances of the collision out of the case" [Doc. 81 p. 8]. But Plaintiff's cited cases [*see* Doc. 81 p. 8], do not support admitting the evidence. For instance, in *Fisher v. Johnson*, the plaintiff argued that she was entitled to show that the defendant consumed alcohol to support her request for punitive damages. No. W200802165COAR3CV, 2009 WL 2588906, at *4 (Tenn. Ct. App. Aug. 24, 2009). The defendant moved to dismiss the punitive damages claim, relying on the affidavit of the officer, who opined, "[b]ased upon [his] experience and training, [the d]efendant performed the standard field sobriety tests in a matter that [he] opined that she could operate a motor vehicle safely[.]" *Id.* at *5. The court held that "his testimony affirmatively negate[d] an essential element of [the p]laintiff's claim—that [d]efendant acted intentionally, fraudulently, maliciously, or recklessly by operating a vehicle while intoxicated." *Id.* Plaintiff asserts *Fisher* is a "mirror image" of this case [Doc. 81 p. 8]. The Court disagrees. In this case, Defendant passed the field sobriety tests, and Officer Brintton only "felt" like Defendant's alcohol consumption caused the accident. His feelings are not relevant here, and *Fisher* does not support admitting the evidence.[4]

Plaintiff asserts that a categorical exclusion is overbroad and a limiting instruction is more appropriate [Doc. 81 p. 9]. But given that the evidence is irrelevant as Defendant has admitted liability, the Court finds otherwise.

---

[4] Plaintiff also cites *Mercurio v. Nissan Motor Corp.*, 81 F. Supp. 2d 859 (N.D. Ohio 2000), but that case also does not support her argument as the court excluded any reference to the consumption of alcohol on the night of the automobile accident. *Id.* at 860–64.

As a final matter, Plaintiff asks to submit an offer of proof under Rule 103(a)(2). Rule 103 states, "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Fed. R. Evid. 103(a)(2). The Court will address this matter at the appropriate time.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Reconsider [**Doc. 81**] to the extent it seeks reconsideration of the Court's July 9, 2026 Order. The Court will address Plaintiff's offer of proof before or during the trial.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin

Debra C. Poplin
United States Magistrate Judge